Filed 2/9/16  P. v. Garcia CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSEPH GARCIA,<br><br>    Defendant and Appellant. | D068091<br><br><br><br>(Super. Ct. No. SCS274445) |

APPEAL from a judgment of the Superior Court of San Diego County, Garry Haehnle, Judge.  Affirmed.

Benjamin B. Kington, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

In September 2014, Joseph Garcia entered a not guilty plea to charges of making a criminal threat (count 1, Pen. Code, § 422);[1] possession of a firearm by a felon (count 2, § 29800, subd. (a)(1)); and possession of ammunition (count 3, § 30305, subd. (a)(1)). In a negotiated plea agreement, the court dismissed count 3, Garcia pled guilty to counts 1 and 2 and admitted one strike prior conviction. (§§ 677, subds. (b)-(i), 1170.12, 668.) Garcia was sentenced to five years and four months in prison.

## FACTS AND PROCEDURAL BACKGROUND

In August 2014, appellant threatened to "smoke" Hugo Laborin, appellant's stepfather; appellant then left the residence with a firearm. Laborin called 911. Within 10 minutes, San Diego police officers arrived at Laborin's residence, arrested appellant, and conducted a search of appellant incident to his arrest. Appellant was on parole at the time and a parole violation warrant was outstanding for his arrest. A loaded handgun and 22 rounds of ammunition were found in appellant's backpack. It was later determined that the gun had been stolen.

Prior to a preliminary readiness hearing in September 2014, Garcia completed a change of plea form and entered a negotiated plea of guilty to counts 1 and 2 and admitted one strike prior conviction. The court dismissed count 3 and sentenced Garcia to an agreed five-year four-month term. During the hearing, the court questioned Garcia about his decision, knowledge of his rights, the assistance of counsel and other potential

_____

[1] All subsequent statutory references are to the Penal Code.

consequences of his plea.  After confirming appellant had not consumed any alcohol, drugs or medication in the preceding 24 hours, the following discussion took place:

"The Court:  Before you initialed and signed the [change of plea] form, did you read it or have it read to you?"

"Garcia:  Yes."

"The Court:  You went over it with your attorney . . . ?"

"Garcia:  Yes."

"The Court:  Did you have enough time to spend with him?"

"Garcia:  Yes."

"The Court:  You understand you are pleading guilty to count 1, the criminal threats; count 2, felon in possession of a firearm; and you are admitting that you have previously been convicted of a strike?"

"Garcia:  Yes."

"The Court:  [D]id anybody promise you anything else or threaten you in any way to make you sign this form?"

"Garcia:  No."

"The Court:  And the other charges and allegations would be dismissed against you, and you'd be serving five years, four months . . . ?  Is that your understanding?"

"Garcia:  Yes."

Prior to sentencing, defense counsel (Anthony Hernandez) informed the court that Garcia wished to withdraw his plea and that there would be a conflict of interest if Hernandez were to bring the motion.  The court then held a "*Marsden*" hearing, referring to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

Following the *Marsden* hearing the trial court relieved Hernandez and Christine Basic was appointed to represent Garcia.

In January 2015, appellant filed his motion to withdraw his 2014 guilty plea on the grounds he had made the plea under duress and not freely or voluntarily, and that his counsel provided ineffective representation by not informing him of the required element of "sustained fear" regarding the criminal threat charge. (§ 422, subd. (a).) At the change of plea hearing in March 2015, the following colloquy took place:

> "Defense Counsel: [Y]ou [and former defense counsel] went over the six different elements that are required for the criminal threat; right?"
>
> "Garcia: Yes."
>
> "Defense Counsel: And we talked about Element No. 5, whether the threat actually caused the victim to be in sustained fear; right?"
>
> "Garcia: Yes."
>
> "Defense Counsel: [I]f you had been advised about the . . . elements of [section] 422 at the time you took your plea, would you still have pled guilty?
>
> "Garcia: "No, I wouldn't have."

Later during the same hearing, defense counsel stated: "Garcia wasn't aware of whether or not his stepfather was in sustained fear, and to be honest, I don't think [defendant's prior counsel] knew whether or not his stepfather was in sustained fear . . . ." The court responded: "I honestly don't see how you can make that argument, to be honest

4

with you. . . . [Defendant] pulls a gun out, racks it, and tells [Laborin] 'I'm going to smoke you.' "

The trial court found counsel's representation was competent and the record supported the "sustained fear" element of section 422. The court denied appellant's plea withdrawal motion and Garcia was sentenced to the midterm on count 1, doubled for the strike to four years, and one-third the midterm, doubled to 16 months, on count 2, for a total term of five years and four months. Garcia filed a notice of appeal.

DISCUSSION

When a defendant moves to withdraw a guilty plea, that person must demonstrate good cause. (§ 1018.) "It is the defendant's burden to produce evidence of good cause by clear and convincing evidence." (*People v. Wharton* (1991) 53 Cal.3d 522, 585; *People v. Nance* (1991) 1 Cal.App.4th 1453, 1456.)

The transcript of the change of plea hearing demonstrates the trial court carefully questioned Garcia as to his understanding of his rights and the potential outcome of the conviction. There is nothing in the record to support an argument that there was a potentially meritorious basis for a motion to withdraw the plea. Counsel was entitled to make the appropriate decision on how to proceed and there is nothing in the record that might support a finding that counsel was ineffective.

Appointed appellate counsel has filed a brief summarizing the proceedings below. Counsel presents no argument for reversal but asks that this court review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436. Pursuant to *Anders v.*

5

*California* (1967) 386 U.S. 738, counsel refers to a possible but not arguable issue whether the court erred in denying defendant's motion to withdraw his guilty plea.

We granted defendant permission to file a brief on his own behalf. He has not responded.

A review of the record pursuant to *People v. Wende, supra*, 25 Cal.3d 436 and *Anders v. California, supra*, 386 U.S. 738, including the possible issues referred to by appellate counsel, has disclosed no reasonably arguable appellate issues. Competent counsel has represented Garcia on this appeal.

DISPOSITION

The judgment is affirmed.

HALLER, Acting P. J.

WE CONCUR:

HUFFMAN, Acting P.J.

O'ROURKE, J.

6